# Westvaco Corporation

## V.

# Columbia Gas of Virginia, Inc., et al.

Record No. 860715

March 6, 1987

Present: All the Justices

*Edward L. Flippen (Bruce V. Thomas; Mays & Valentine*, on briefs), for appellant.

*Stephen H. Watts, II; Robert M. Gillespie (Thomas E. Morgan; Allan E. Roth; Andrew J. Sonderman; Lewis S. Minter; McGuire, Woods & Battle*, on briefs), for appellees.

RUSSELL, J., delivered the opinion of the Court.

This appeal from an order of the State Corporation Commission presents a narrow procedural question: whether the Commission, in an expedited rate case, may properly exclude evidence concerning rate design.

Columbia Gas of Virginia, Inc., sells natural gas at retail and also transmits gas by pipeline in Virginia as a common carrier for others. Westvaco Corporation was originally a large retail customer for Columbia, but in 1983 began to purchase gas from other sources and arranged for the product to be transmitted through Columbia's pipeline system. This appeal arises from a series of disputes between the parties concerning Columbia's transportation rate charged for this service.

In 1984, Columbia sought an increase in its transportation rate from 37.3 cents per thousand cubic feet (mcf) of gas to 52.1 cents per mcf. In 1985 the Commission approved an increase to 50 cents per mcf. Westvaco appealed and we affirmed the Commission's decision, *Westvaco v. Columbia Gas*, 230 Va. 451, 339 S.E.2d 170 (1986) (*Westvaco I*). In 1985, in connection with its final order in *Westvaco I*, the Commission ordered Columbia to file, within six months, a "cost of service" study which would enable the Commission to determine whether the 50-cent rate bears a fair relationship to the cost of Columbia's transportation service. Columbia filed its study in September 1985. Westvaco, contending that the study revealed a grossly excessive rate of return to Columbia from its transportation service, filed a motion on Septem-

ber 27, 1985, to reopen *Westvaco I*. The Commission had taken no action on that motion when this appeal was argued.

On September 20, 1985, while *Westvaco I* was pending on appeal, Columbia filed this proceeding as an application for an annual rate increase under the Commission's then new rules governing expedited rate cases. Westvaco intervened, moving that this expedited rate case be converted into a general rate case and that Columbia's cost-of-service study be considered. Columbia opposed the motion. The Commission staff, in an interim report, recommended that Columbia's retail rates be increased, subject to refund, but that the transportation rate remain unchanged pending further study. On October 18, 1985, the Commission granted Columbia an interim increase of $1,006,397 in its retail rates, subject to refund, but left the transportation rate unchanged at 50 cents per mcf. The Commission's order denied Westvaco's motion to convert Columbia's expedited rate case into a general rate case. Westvaco did not appeal from that order.

In February 1986, Westvaco filed prepared expert testimony in the expedited rate case, advocating a reduction of Columbia's transportation rate to 20 cents per mcf. Columbia responded with a motion to strike this testimony on the ground that an expedited rate case was an improper vehicle for the consideration of issues relating to rate design. The Commission's hearing examiner granted the motion to strike. In April 1986, the Commission sustained the examiner's order. Westvaco appeals, contending that the Commission's action has deprived it of its constitutional right to present evidence and be heard.

The Commission's order comported with its applicable rules. On August 21, 1985, the Commission adopted "Rules Governing Utility Rate Increase Applications and Annual Information Filings" (the "Rate Case Rules") in Case No. PUE850022, 1985 Rep. of S.C.C. 478-480, 1:25 VA.R. 2215-2218 September 16, 1985. Rule II (3) provides, in pertinent part: "Allocation methodologies and rate design objections are determined by the Commission in general rate cases." The expedited rate case instituted by Columbia was brought pursuant to Section II of the Rate Case Rules, of which Rule II (3) is a part. That section provides for an expedited increase in rates under certain conditions, subject to later refund, as an alternative to a general rate application. The expedited rate procedure instituted by the 1985 Rate Case Rules replaces the

former Financial Operating Review (FOR) program established by the Commission in 1979.

We discussed the distinction between expedited proceedings brought under the FOR program and general rate cases in *Westvaco I*, 230 Va. at 455, 339 S.E.2d at 172, and held that "different rules apply, *e.g.*, [in an FOR proceeding] rate design may not be changed." *Id.* It is unnecessary to add to that discussion here. Although the present Rate Case Rules replace the FOR program, the same distinction pervades the present rules, the same rationale continues to support the distinction, and the present rules set forth the distinction as clearly as heretofore. The sole question for our determination, therefore, is whether the procedural scheme adopted by the Rate Case Rules, as it has been applied to Westvaco's application for rate relief, amounts to an unconstitutional denial of Westvaco's right to a day in court.

We answer that question in the negative. Code § 56-235* vests the Commission with full authority to alter any rate which it may find unreasonable. Any aggrieved ratepayer may, at any time, go before the Commission and invoke that section by making complaint that rates are unjust and unreasonable. If it appears to the Commission that the complaint is well-founded, it becomes the duty of the Commission to adjust the rates accordingly. *Norfolk v. Virginia Elec. Co.*, 197 Va. 505, 518, 90 S.E.2d 140, 149 (1955); *Clifton Forge v. Va. - West Pwr. Co.*, 129 Va. 377, 386, 106 S.E. 400, 403 (1921). The Commission's rules make adequate provisions for the processing of such complaints. *See* Rules of the State Corporation Commission, Rules 4:2, 4:4, 5:1, 5:4, 5:5 and 5:6. Accordingly, Westvaco has at all times had an appropriate forum in which to present its grievance, an appropriate procedural

---

\* Code § 56-235 provides as follows: "If upon investigation the rates, tolls, charges, schedules, or joint rates of any public utility operating in this State shall be found to be unjust, unreasonable, insufficient or unjustly discriminatory or to be preferential or otherwise in violation of any of the provisions of law, the State Corporation Commission shall have power to fix and order substituted therefor such rate or rates, tolls, charges or schedules as shall be just and reasonable. All rates, tolls, charges or schedules set by the Commission shall be valid only if they are in full conformance with the provisions of this chapter."

vehicle in which to convey it, and an appropriate remedy with which to redress it. The Constitution requires no more.

The order appealed from will be

*Affirmed.*